# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 16-1212V
Filed: December 27, 2016
UNPUBLISHED

| | | |
|---|---|---|
| DIANE GIBSON, | * | |
| | * | |
| Petitioner, | * | Ruling on Entitlement; Concession; |
| v. | * | Influenza ("Flu") Vaccine; Shoulder |
| | * | Injury Related to Vaccine Administration |
| SECRETARY OF HEALTH | * | ("SIRVA"); Special Processing Unit |
| AND HUMAN SERVICES, | * | ("SPU") |
| | * | |
| Respondent. | * | |

*Michael G. McLaren*, Black McLaren, et al., P.C., Memphis, TN, for petitioner.
*Daniel Anthony Principato*, U.S. Department of Justice, Washington, DC, for respondent.

## RULING ON ENTITLEMENT[1]

**Dorsey**, Chief Special Master:

On September 27, 2016, Diane Gibson ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza ("flu") vaccine she received on January 14, 2016. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On December 22, 2016, respondent filed her Rule 4(c) report in which she concedes that petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. Specifically, respondent concludes that "a preponderance of the evidence establishes that the injury to Petitioner's left shoulder was caused-in-fact by the administration of the flu vaccine on January 14, 2016, Petitioner's injury is not due to factors unrelated to the administration of the flu vaccine, and Petitioner has suffered the

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

sequela of her injury for more than six months.  *Id.* at 3.  Respondent further agrees that petitioner has satisfied all legal prerequisites for compensation under the Vaccine Act. *Id.*

**In view of respondent's concession and the evidence before me, the undersigned finds that petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>**s/Nora Beth Dorsey**</u>
Nora Beth Dorsey
Chief Special Master

2